IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KYLE SEIDEL, :
:
    Plaintiff :
:
  v. : CIVIL NO. 4:CV-16-1807
:
LANCASTER COUNTY PRISON, : (Judge Brann)
ET AL., :
:
    Defendants :

## MEMORANDUM

October 4, 2016

### Background

Kyle Seidel, an inmate presently confined at the Lancaster County Prison, Lancaster, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Accompanying the Complaint is an in forma pauperis application.[1] Service of the Complaint has not yet been ordered and there has been no ruling on the in forma pauperis application.

Named as Defendants are the Lancaster County Prison, and two of its employees Warden Steberger and Deputy Warden Croci. Plaintiff states that following his entry into the Lancaster County Prison he was strip searched and

---

[1] Seidel completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account.

placed in the Restricted Housing Unit on July 8, 2016 without his personal property being inventoried.  Seidel alleges that he subsequently discovered that 170 pages of personal legal documents pertaining to his criminal proceedings are missing because prison staff failed to follow proper procedure.   As relief, Seidel seeks monetary damages as well as  injunctive relief.

## **Discussion**

28 U.S.C. § 1391(b) provides that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which a defendant is subject to the court's personal jurisdiction with respect to such action. brought.

It is equally well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a).  The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960), recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

As noted above, Seidel acknowledges that the events giving rise to the filing of this action all occurred at the Lancaster County Prison. The Plaintiff and Defendants are also located at the Lancaster County Prison which is located within both Lancaster County, Pennsylvania and the confines of the United States District Court for the Eastern District of Pennsylvania. See 28 U.S.C. § 118(a). Thus, the complaint is not properly brought in this district.

Based on the location of the Defendants, the nature of Plaintiff's allegations, and the fact that Seidel is still confined within the Eastern District of Pennsylvania, it is apparent that the convenience of the parties and the interests of justice would be best served by transferring this matter to the judicial district wherein the Plaintiff is incarcerated, the Defendants are located, and the underlying events transpired.

Since the Eastern District of Pennsylvania is a more convenient forum, this matter will be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). An appropriate Order will enter.

                        BY THE COURT:

                        s/ Matthew W. Brann
                        Matthew W. Brann
                        United States District Judge